[Civ. No. 22315.   Second Dist., Div. One.   June 17, 1957.]

OWEN BANDY, Appellant, v. MUNICIPAL COURT OF SAN ANTONIO JUDICIAL DISTRICT, Respondent.

Kenneth M. Liskum for Appellant.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Assistant County Council, for Respondent.

DORAN, J.—The petition alleges that appellant is a certified shorthand reporter ''fully qualified and entitled to appear in any and all courts of the State . . . when hired so to do by litigants or their counsel''; that over a four year period many lawyers have hired petitioner to so appear but have been ''informed by the Clerk of the Municipal Court of San Antonio Judicial District that one, and only one firm of Court Reporters were permitted to appear and take down proceedings . . ., to-wit, the firm of Bob Stevens & Associates.''

It is further alleged that ''there is not now, nor has there ever been, since January 1, 1952, an Official Court Reporter'' of said court, and that there has been no ''examinations testing the competency of any person or persons for the position,''

nor evidence of good character required, in accordance with the statutes. It is also alleged that by reason of the court's order, "Petitioner has been forced to breach his contracts with said attorneys" and has been damaged in the sum of $80,000.00; that petitioner is the real party in interest; that said order is discriminatory and "is arbitrary, capricious and unlawful."

An alternative writ of mandate was ordered, commanding said court "to cause to be conducted, examinations and tests leading to the appointment of Official Court Reporter," or that cause be shown why the same has not been done. To this writ return was made alleging that on January 1, 1952, the judges of said municipal court appointed Bob Stevens and E. S. Brink as official court reporters, and that on August 10, 1956, in compliance with the alternative writ, the judges named this firm as official reporters; "that all of said persons have qualified, as required by law, to be official reporters" and that the "petitioner has never qualified as an official court reporter" pursuant to law. On this showing, and it having been stipulated that the facts stated in respondent's answer were true, the peremptory writ of mandate sought by petitioner was denied and the alternative writ discharged.

The judgment must be affirmed. In response to appellant's petition, an alternative writ of mandate required the municipal court in question to "cause to be conducted, examinations and tests leading to the appointment of Official Court Reporter." The return to this writ, the truth of which is conceded, shows that on August 10, 1956, the judges did appoint certain persons, but not appellant, to act as official reporters, and that such persons "have qualified, as required by law." The alternative writ could not and did not order the appointment of appellant; it could only require the municipal court to act in the premises, which respondent has now done.

In respect to the persons appointed, Assistant County Counsel Lamoreaux informed the trial court, "I checked insofar as I could with the Los Angeles Municipal Court to see if any of those people had taken the examination there, and I found that four of them had taken the examination: Nelson, Way, Melman, and Yamada. The last three passed; Nelson did not pass. When I discovered that, I notified the respondent court that unless Nelson took another examination and qualified, he could not act as the official court reporter, and

that therefore they would have to scratch him from the list.''
It was thereafter stipulated that ''Frank Nelson's name
should be stricken from the list.''

As stated in the respondent's brief, ''No mandatory
duty is enjoined upon the judges of respondent court to
appoint appellant an official court reporter. The appointment
of official reporters of a municipal court lies solely in the
discretion of the judges of that court. Section 72194 of the
Government Code provides as follows: . . . 'By order entered
upon the minutes of the court, a majority of the judges . . .
may appoint as many competent phonographic reporters as
the business of the court requires, to be known as official
reporters of such court. The official reporters shall hold
office during the pleasure of the judges of such court.' The
provisions of that section are clearly wholly discretionary
and no one person can claim any right to be appointed official
reporter of any municipal court.''

There is no merit in any of the appellant's contentions. No
right of appellant has been violated, and no abuse of discretion
has been shown. The fact that appellant happens to be a
stenographic reporter not chosen for the post of official court
reporter provides no beneficial interest in the matter of
appointment different from that of any other member of the
public. After the issuance of the alternative writ, the re-
spondents did show cause why a peremptory writ should not
issue, and the latter was properly denied.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied July 16, 1957, and
appellant's petition for a hearing by the Supreme Court was
denied August 13, 1957.